**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| NAPHTALI "BILLY" HAY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:12-CV-01596-RWS |
| BANK OF AMERICA, : | |
| NATIONAL ASSOCIATION and : | |
| U.S. BANK, N.A., Successor : | |
| Trustee to Bank of America, N.A., : | |
| as Successor Trustee to LaSalle : | |
| Bank, N.A., as Trustee for the : | |
| Holders of the Merrill Lynch First : | |
| Franklin Mortgage Loan Trust, : | |
| Mortgage Loan Asset-Backed : | |
| Certificates Series 2007-Ff1, : | |
| : | |
| Defendants. : | |

**ORDER**

This case comes before the Court on Defendants Bank of America, N.A. ("BANA") and U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., as Successor Trustee to LaSalle Bank, N.A., as Trustee for the Holders of the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-Ff1's ("U.S. Bank") (collectively, "Defendants") Motion to Dismiss [7] and Motion to Strike Plaintiff's Amended

Complaint [13]. After reviewing the record, the Court enters the following Order.

## Background[1]

This case arises out of Plaintiff Naphtali "Billy" Hay's ("Plaintiff") attempt to halt the imminent non-judicial foreclosure sale of real property owned by him, located at 272 Langshire Drive, McDonough, Georgia 30253 (the "Property"). (Compl., Dkt. [1-1] ¶ 1.) On or about November 30, 2006, Plaintiff executed a promissory note (the "Note") in favor of First Franklin A Division of National City Bank (the "Lender"), obtaining a loan in the amount of $311,920.00, plus interest (the "Loan"). (Mem. of Law in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem."), Dkt. [7-1] Ex. A (Security Deed).)[2] To secure repayment of the Loan, Plaintiff executed a security deed on the same date naming Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the Lender. (Id.) The Security Deed was recorded at Deed Book

---

[1] This case is before the Court on a motion to dismiss. Therefore, the Court accepts as true all well-pleaded facts in the Complaint. Cooper v. Pate, 378 U.S. 546, 546 (1964).

[2] This Court may take judicial notice of public records not attached to Plaintiff's Complaint when considering a motion to dismiss. See Bryant v. Avado Brands, Inc., 187 F.3d 1272, 1280 (11th Cir. 1999).

2

9874, Page 130, in the Henry County, Georgia real estate records.  (Id.)  The Security Deed was later assigned to Defendant U.S. Bank (the "Assignment"). (Compl., Dkt. [1-1] ¶ 5; Defs.' Mem., Dkt. [7-1] Ex. B.)[3]

Plaintiff "fully admits" that he was behind on his mortgage payments when Defendant U.S. Bank initiated foreclosure proceedings.  (Comp., Dkt. [1-1] ¶ 23.)  Defendant U.S. Bank advertised the foreclosure sale in November 2011.  (Id. ¶ 5.)  Plaintiff filed suit in the Superior Court of Henry County, Georgia on April 4, 2012, challenging Defendants' right to foreclose on the Property.  (See gen. id.)  It is not clear from the record whether a foreclosure sale has occurred.

Plaintiff appears to allege the following causes of action: (1) wrongful foreclosure[4] (Count One) (id. ¶¶ 12-26); (2) promissory estoppel (Count Two) (id. ¶¶ 27-30); (3) fraud (Count Three) (id. ¶¶ 31-33); and (4) violation of the Truth in Lending Act ("TILA") (Count Four) (id. ¶¶ 34-35).  On May 7, 2012, Defendants removed this case from Superior Court of Henry County to the

---

[3] The Assignment was recorded on September 8, 2011 at Deed Book 12222, Page 109, in the Henry County, Georgia real estate records.  (Defs.' Mem, Dkt. [7-1] Ex. B (Assignment).)

[4] As a result of the alleged wrongful foreclosure, Plaintiff also claims damages for intentional infliction of emotional distress.  (Compl., Dkt. [1-1] ¶ 23.)

3

Northern District of Georgia pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (Notice of Removal, Dkt. [1] at 1.)  Subsequently, Defendants filed their Motion to Dismiss [7] for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6).  On September 25, 2012, Plaintiff filed an Amended Complaint as a Matter of Right [11].  Defendants then filed their Motion to Strike Plaintiff's Amended Complaint ("Motion to Strike") [13].  Defendants' motions are now before the Court.

## Discussion

### I. Defendants' Motion to Strike Plaintiff's Amended Complaint [13]

Plaintiff filed his Amended Complaint on September 25, 2012.  (Am. Compl., Dkt. [11].)  Defendants note that the Amended Complaint was filed without leave of Court and is untimely because it was not filed within 21 days of serving the original Complaint or within 21 days of service of Defendants' Motion to Dismiss.  (Mem. of Law in Supp. of Defs.' Mot. to Strike Pl.'s Am. Compl., Dkt. [13-1] at 2.)  Rule 15(a) governs amendment of pleadings before trial:

4

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). In all other circumstances, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

In this case, Defendants served their Motion to Dismiss on August 15, 2012. (Mot. to Dismiss, Dkt. [7].) Plaintiff did not file his Amended Complaint until 41 days later. (Am. Compl., Dkt. [11].) In fact, Plaintiff had already filed a response to Defendants' Motion to Dismiss when he filed his Amended Complaint. (See Dkt. [10].) Because Plaintiff did not obtain leave of Court or written consent from the opposing parties before filing his Amended Complaint, the Amended Complaint is untimely and Defendants' Motion to Strike is **GRANTED**.[5]

---

[5] Additionally, having reviewed Plaintiff's Amended Complaint [11], the Court finds that amendment is futile. The new allegations raised by Plaintiff would not alter the Court's analysis of Plaintiff's claims against Defendants. (See discussion in Part II.B, infra.)

5

**II.     Defendants' Motion to Dismiss [7]**

A.     <u>Legal Standard</u>

When considering a motion to dismiss under Rule 12(b)(6), a federal court is to accept as true "all facts set forth in the plaintiff's complaint." <u>Grossman v. Nationsbank, N.A.</u>, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). The court must also draw all reasonable inferences in the light most favorable to the plaintiff. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (internal citations omitted); <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (quoting <u>Twombly</u>, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u>

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Twombly</u>, 127 U.S. at 561 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule

6

with the "plausibility standard," which requires factual allegations to "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

B. Analysis

Plaintiff appears to assert the following claims: (1) wrongful foreclosure, (2) promissory estoppel, (3) fraud, and (4) violations of TILA. (See generally Compl., Dkt. [1-1].) As a threshold matter, the Court notes that Plaintiff has not responded to Defendants' Motion to Dismiss with respect to the promissory estoppel claim. Therefore, the motion is deemed unopposed with respect to that claim. See LR 7.1B.

*1. Wrongful Foreclosure*

To state a claim for wrongful foreclosure under Georgia law, a plaintiff must show: (1) a legal duty owed to him by the foreclosing party, (2) a breach of that duty, (3) a causal connection between the breach and the injury sustained by the plaintiff, and (4) damages. Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004). Although Plaintiff alleges several

7

AO 72A
(Rev.8/82)

theories of wrongful foreclosure, Defendants argue that Plaintiff has failed, *inter alia*, to show causation between Defendants' alleged wrongful acts and Plaintiff's injuries. (Def.s' Mem., Dkt. [7-1] at 13-14.) The Court agrees with Defendants.

As an initial matter, Plaintiff does not allege in his Complaint that a foreclosure sale of the Property has occurred. Under Georgia law, a party may not state a claim for wrongful foreclosure where no foreclosure sale has occurred. Edwards v. BAC Home Loan Servicing, L.P., No. 1:11-CV-2465-RWS, 2012 WL 4327052, at *1 (N.D. Ga. Sept. 14, 2012) ("Plaintiffs may not state a claim for wrongful foreclosure where no foreclosure sale has actually occurred."); Roper v. Parcel of Land, No. 1:09-CV-0312-RWS, 2010 WL 1691836, at *2 (N.D. Ga. Apr. 23, 2010) ("Because Defendants did not proceed with the foreclosure after Plaintiff filed the present action, Plaintiff cannot prove a claim for wrongful foreclosure.").

However, even if a sale has occurred, Plaintiff has failed to show the requisite causation to support a claim for wrongful foreclosure. Plaintiff admits that he failed to make his mortgage payments and has not alleged that he has attempted to cure his default. (Compl., Dkt. [1-1] ¶ 23; Def.s' Mem., Dkt. [7-1]

8

at 13-14.) Failure to make proper loan payments defeats a wrongful foreclosure claim because Plaintiff cannot show that his injuries resulted from Defendants' actions and not his own acts and omissions. See Heritage Dev. Corp., 601 S.E.2d at 845.

Plaintiff's response appears to argue that he did not owe payments to Defendants and therefore, his failure to pay does not preclude recovery for wrongful foreclosure. (Pl.'s Resp. Br., Dkt. [10] at 6.) This argument appears to rest on Plaintiff's assertion that Defendants do not have authority to enforce the Security Deed because they do not have possession of the Note. (Id.) However, this Court has previously held that the holder of a security deed may enforce its terms, even if the holder does not also possess the promissory note. See LaCosta v. McCalla Raymer, LLC, No. 1:10-CV-1171-RWS, 2011 WL 166902, at *5-6 (N.D. Ga. Jan. 18, 2011). Furthermore, Plaintiff's response does not address the causation issue raised by Defendants.

Therefore, the Court agrees with Defendants that Plaintiff has failed to state a plausible claim for wrongful foreclosure and Defendants' Motion to

9

Dismiss is **GRANTED** with respect to this claim.[6]

### 2. *Promissory Estoppel (Unopposed)*

As discussed above, Defendants' Motion to Dismiss with regard to this claim is deemed unopposed. In Georgia, to state a claim for promissory estoppel, a plaintiff must show: (1) a promise made by the defendant, (2) that the defendant should have reasonably expected the plaintiff to rely on the promise, (3) that plaintiff did rely on the promise to his detriment, and (4) injustice can be avoided only by enforcement of the promise. See Brown v. Rader, 683 S.E.2d 16, 21 (Ga. Ct. App. 2009). Here, Defendants argue, Plaintiff has failed to allege that Defendants made him any promises. (Def.s' Mem., Dkt. [7-1] at 19-20.) The Complaint says only that BANA "did deliberately and intentionally attempt to prevent a modification of the loan" and

---

[6] To the extent Plaintiff alleges intentional infliction of emotional distress ("IIED") as a result of the alleged wrongful foreclosure, the Court finds that this claim also fails. Under Georgia law, in order to prevail on an IIED claim, Plaintiff must allege that the conduct was: "(1) intentional or reckless; (2) extreme and outrageous; and (3) the cause of severe emotional distress." Wilcher v. Confederate Packaging, Inc., 651 S.E.2d 790, 792 (Ga. Ct. App. 2007). Plaintiff sets forth no factual allegations to support his IIED claim, but instead makes conclusory statements reciting the elements of the cause of action. (See Compl., Dkt. [1-1] ¶ 23.) On their face, Defendants' attempts to collect on Plaintiff's unsatisfied debt are neither extreme nor outrageous. Plaintiff has not satisfied the pleading requirements of Rule 8, Twombly, and Iqbal. Accordingly, any claim advanced by Plaintiff for IIED is denied.

that "Plaintiff was lead to believe that a modification was in hand." (Compl., Dkt. [1-1] ¶ 28.) The Court agrees that Plaintiff has failed to alleged any promise in support of his promissory estoppel claim and therefore, Defendants' Motion to Dismiss is **GRANTED** with respect to this claim.

   3.   *Fraud*

Plaintiff has also failed to state a claim for fraud. Under Rule 9(b), a claim for fraud must be pled "with particularity." Fed. R. Civ. P. 9(b). To satisfy this requirement, a plaintiff must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

U.S. ex. rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1310 (11th Cir. 2002) (quotations and citations omitted). That is, to avoid dismissal, a complaint alleging fraud must plead the "who, what, when, where and how" of the alleged fraud. Mathis v. Velsicol Chemical Corp., 786 F. Supp. 971, 976-77 (N.D. Ga. 1991).

11

Plaintiff appears to allege that Defendants committed fraud when they loaned money to Plaintiff knowing that he could not afford it. (Compl., Dkt. [1-1] ¶ 31.) However, as Defendants note, Plaintiff fails to give any facts regarding the "who, what, when, where or how" of the alleged fraud. (Def.s' Mem., Dkt. [7-1] at 21-22.) Plaintiff does not identify any time or place, or any person responsible for committing the alleged fraud. He also does not allege what Defendants gained from the purported fraud. (Id.) Accordingly, Plaintiff has failed to satisfy Rule 9(b)'s heightened pleading requirements to state a claim for fraud and Defendants' Motion to Dismiss is **GRANTED** as to this claim.

### 3. *TILA*

Plaintiff alleges that U.S. Bank violated 15 U.S.C. § 1641(g) because it failed "to give actual notice to Plaintiff within thirty days of becoming his creditor." (Compl., Dkt. [1-1] ¶ 34.) He also alleges that BANA violated § 1641(g) when it acquired LaSalle Bank and failed to give notice to Plaintiff. (Id. ¶ 35.) Section 1641(g) states:

> [N]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new

12

> owner or assignee of the debt shall notify the borrower in writing of such transfer, including – (A) the identity, address, [and] telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor.

Defendants argue that Plaintiff's TILA claim fails for two reasons: (1) Plaintiff has failed to allege that either Defendant is a "creditor" for purposes of § 1641(g), and (2) even if Defendants did violate § 1641(g), Plaintiff has failed to allege any actual damages sustained as a result of the violation. (Def.s' Mem., Dkt. [7-1] at 23-24.)

Under TILA, a "creditor" is defined as:

> [A] person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

13

15 U.S.C. § 1602(g). Defendants argue that "as Trustee for the Holders of Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-Ff1," U.S. Bank is not a "creditor" under TILA's definition. (Def.s' Mem., Dkt. [7-1] at 23.) Defendants also argue that BANA is not a "creditor" under TILA because Plaintiff has not alleged that there was a transfer of interest when BANA acquired LaSalle Bank or that § 1641(g) was even in existence when the acquisition took place.[7] (Id.)

Plaintiff states in his Complaint that "Bank of America was the servicer of Plaintiff's loan . . . and was never the lender of his loan." (Compl., Dkt. [1-1] ¶¶ 9, 17.) Therefore, the Court agrees with Defendants that Plaintiff has not alleged that BANA is a "creditor" under TILA – he does not claim that BANA was ever the person to whom the debt was payable. Accordingly, Plaintiff has not stated a plausible claim for TILA violations against BANA.

Plaintiff does maintain throughout his Complaint, however, that U.S. Bank *was* a secured creditor. (See, e.g., Compl. Dkt. [1-1] ¶¶ 16, 21, 22, 34.) Plaintiff alleges that U.S. Bank did not provide notice to him within thirty days

---

[7] Section 1641(g) of TILA took effect on May 20, 2009. See Pub. L. No. 111-22, Title IV, § 404(a), 123 Stat. 1658 (2009).

14

of becoming his creditor, and he seeks statutory damages and attorney's fees for U.S. Bank's alleged violation of § 1641(g).  (Compl., Dkt. [1-1] ¶ 34.)  Defendants cite no authority for their argument that U.S. Bank is not a "creditor" under TILA simply because it was acting as a trustee.  (See Def.s' Mem., Dkt. [7-1] at 23.)  Indeed, other parts of the record and Defendants' own statements belie this position.  (See Def.s' Mem., Dkt. [7-1] at 13 ("[A]ny perceived failure regarding [the notice of foreclosure sale] is a non-issue, as the Notice of Sale clearly identified Defendant U.S. Bank on the face of the notice, and Plaintiff admitted that Defendant U.S. Bank is his secured creditor."); Notice of Sale Under Power, Dkt. [7-4] (issued in the name of U.S. Bank as trustee).)

Defendants' other arguments with regard to Plaintiff's TILA claim against U.S. Bank are equally unpersuasive.  First, Defendants assert that because Plaintiff failed to allege when U.S. Bank became his creditor, his TILA claim must fail.  (Def.s' Reply, Dkt. [12] at 9.)  However, the Assignment of the Security Deed to U.S. Bank [7-3] is dated August 25, 2011, which is well past the May 20, 2009 effective date of § 1841(g).  Second, Defendants argue that Plaintiff's claim is subject to the one-year statute of limitations under 15 U.S.C.

15

§ 1640(e). (Id.) But Plaintiff filed his Complaint on April 4, 2012, well under a year after the Assignment and TILA's 30-day notification period.

Defendants' argument regarding Plaintiff's failure to plead actual damages also fails. Under § 1640(a) of TILA, any creditor who fails to comply with § 1641(g) is liable for "any actual damages sustained . . . as a result of the failure." 15 U.S.C. § 1640(a)(1). But TILA also provides for statutory damages and reasonable attorney's fees for successful litigants, which may be assessed in addition to any actual damages. 15 U.S.C. §§ 1640(a)(2)(A), (a)(3). It is true that in the Eleventh Circuit, "[t]o recover actual damages, consumers must show that they suffered a loss because they relied on an inaccurate or incomplete disclosure." Owner-Operator Indep. Drivers Ass'n Inc. V. Landstar Systems, Inc., 622 F.3d 1307, 1326 (11th Cir. 2010). It is also true that Plaintiff has not alleged any detrimental reliance here and therefore, he is not eligible for actual damages under TILA. However, the Complaint specifically requests statutory damages and attorney's fees for Defendants' alleged TILA violations, not actual damages. (Compl., Dkt. [1-1] ¶¶ 34-35.) Therefore, Defendants' argument based on Plaintiff's failure to plead detrimental reliance is inapposite.

16

Therefore, the Court finds that Plaintiff has stated a plausible claim for relief against U.S. Bank for violation of 15 U.S.C. § 1641(g), and Defendants' Motion to Dismiss is **DENIED** as to this claim against U.S. Bank.

## Conclusion

Based on the foregoing, Defendants' Motion to Strike Plaintiff's Amended Complaint [13] is **GRANTED** and Defendants' Motion to Dismiss [7] is **GRANTED in part and DENIED in part.** Because the only remaining claim in the case is the TILA claim against U.S. Bank, the Clerk is **DIRECTED** to **REFER** the case to a Magistrate Judge.

**SO ORDERED**, this  29th  day of March, 2013.

_____
**RICHARD W. STORY**
United States District Judge