**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| NAPHTALI "BILLY" HAY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-01596-RWS |
| BANK OF AMERICA, NATIONAL ASSOCIATION and U.S. BANK, N.A., Successor Trustee to Bank of America, N.A., as Successor Trustee to LaSalle Bank, N.A., as Trustee for the Holders of the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates Series 2007-Ff1, | : : : : | |
| | | |
| Defendants. | | |

**ORDER**

This case is before the Court on Plaintiff's Motion for Reconsideration ("Pl.'s MR") [15].[1] After reviewing the record, the Court enters the following Order.

---

[1]The Court notes that subsequent to the filing of the present motion, Plaintiff filed a Motion to File a First Amended Complaint [17] which was denied [25] by Magistrate Judge Anand.

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice," but rather, only when "absolutely necessary." N.D. Ga. L.R. 7.2(E). "Reconsideration is only 'absolutely necessary' where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).

Plaintiff argues that this Court clearly erred when it granted Defendants' Motion to Strike Plaintiff's Amended Complaint. (See generally, Pl.'s MR, [15]; Order, [14] at 4-5.) Plaintiff maintains, "there is an absolute right to amend once as a matter of law, without seeking leave of court to do so. . . ." (Pl.'s MR, [15] ¶ 5.) Plaintiff cites Federal Rule of Civil Procedure ("Rule") 15(a) in support of this proposition. However, Rule 15(a) does not confer an absolute right to amend. It provides, before trial:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading *or 21 days after service of a motion under Rule 12(b)*, (e), or (f), whichever is earlier.



AO 72A
(Rev.8/82)

Fed. R. Civ. P. 15(a)(1) (emphasis added). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Plaintiff does not dispute that Defendants served their Motion to Dismiss pursuant to Rule 12(b)(6) on August 15, 2012, or that he filed his Amended Complaint 41 days later on September 25, 2012. (Order, [14] at 5.) He also does not dispute that he failed to obtain Defendants' consent or leave of court before filing his Amended Complaint. (Id.) Therefore, under Rule 15(a), the Court finds no error in granting Defendants' Motion to Strike Plaintiff's Amended Complaint.

The only Eleventh Circuit case cited by Plaintiff in support of his motion is Brewer-Giorgi v. Producers Video, Inc., 216 F.3d 1281, 1284 (11th Cir. 2000). (Pl.'s MR, [15] ¶ 2.) However, that case, abrogated by the United State Supreme Court in Reed Elsevier, Inc. V. Muchnick, 559 U.S. 154 (2010), involved the application of Rule 15(c). Brewer-Giorgi, 216 F.3d at 1285 ("We find no error in the district court's decision that an amendment would have been futile because [Plaintiff's] claim would be barred regardless of whether it related back or not.") Further, the Court finds nothing in Brewer-Giorgi's brief

discussion of Rule 15(a) that precludes granting Defendants' Motion to Strike in this case.

**Conclusion**

The Court concludes that there was no clear error of law or fact in its Order granting Defendants' Motion to Strike Plaintiff's Amended Complaint. Therefore, Plaintiff's Motion for Reconsideration [15] is **DENIED.**

**SO ORDERED**, this __19th__ day of September, 2013.

**RICHARD W. STORY**
United States District Judge



AO 72A
(Rev.8/82)